IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HUBERT WARREN | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-04-CV-0496-D |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Hubert Warren, appearing *pro se*, has filed a fourth Rule 60(b) motion for relief from the judgment entered in this habeas case. For the reasons stated herein, the application should be denied.

## I.

Petitioner was convicted of aggravated assault on a public servant and sentenced to 60 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Warren v. State*, 98 S.W.3d 739 (Tex. App.--Waco 2003, pet. ref'd); *Ex parte Warren*, No. 52,260-04 (Tex. Crim. App. Apr. 16, 2003). Petitioner also filed two applications for federal habeas relief. The first writ was denied on the merits. *Warren v. Dretke*, No. 3-04-CV-0496-D, 2004 WL 1836733 (N.D. Tex. Aug. 16, 2004), *COA denied*, No. 04-11151 (5th Cir. Apr. 19, 2005), *cert. denied*, 126 S.Ct. 743 (2005). The second writ was dismissed as successive. *Warren v. Dretke*, No. 3-06-CV-0598-D, 2006 WL 1313088 (N.D. Tex. May 12, 2006).

Dissatisfied with these results, petitioner filed three Rule 60(b) motions to set aside the judgment dismissing his habeas case. All three motions were denied. *See* Orders, 4/26/06, 4/27/06 & 5/12/06. Petitioner now seeks Rule 60(b) relief for a fourth time based on due process violations allegedly committed by the state trial judge, including: (1) proceeding to trial on an indictment not authorized by the grand jury; (2) not requiring the state to show "good cause supported by an affidavit;" (3) allowing the state to amend the indictment on the day of trial; and (4) conducting an arraignment in the middle of the guilt-innocence phase of the trial. According to petitioner, these deficiencies deprived the trial court of jurisdiction and rendered his conviction void.

## II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include newly discovered evidence, a void judgment, or a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(2), (4) & (5). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996).

Assuming *arguendo* that the court has jurisdiction to entertain a Rule 60(b) motion,[1] petitioner has failed to establish any grounds for vacating the judgment denying federal habeas relief. None of the defects cited by petitioner in the conduct of his state criminal trial, all of which are based on violations of Texas law, deprived the trial court of subject matter jurisdiction. Nor are

---

[1] The Fifth Circuit has repeatedly stated that a Rule 60(b) motion seeking to amend or alter the judgment in a prior habeas case should be construed as a successive petition under 28 U.S.C. § 2244(b). *See, e.g. Kutzner v. Cockrell*, 303 F.3d 333, 338 (5th Cir.), *cert. denied*, 123 S.Ct. 14 (2002); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999), *cert. denied*, 120 S.Ct. 2204 (2000). Although a federal district court may entertain a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings," *see Gonzalez v. Crosby*, ___ U.S. ___, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005), petitioner does not point to any defect in the disposition of his prior federal writ. Instead, he raises new substantive claims that attack the validity of his underlying criminal conviction. Under these circumstances, the motion is properly construed as a successive habeas petition which cannot be filed without permission from a three-judge panel of the court of appeals. *See* 28 U.S.C. § 2244(b)(3).

any of his claims subject to federal habeas review. *See Maki v. Dretke*, No. 3-03-CV-0011-D, 2004 WL 719146 at \*2 (N.D. Tex. Apr. 1, 2004) (Kaplan, J.), *rec. adopted*, 2004 WL 1170476 (N.D. Tex. May 25, 2004) (Fitzwater, J.) ("State law issues, such as improper evidentiary rulings and the misapplication of state procedural rules, are not cognizable in a federal habeas proceeding unless the rulings were so extreme as to result in a denial of a constitutionally fair trial.") (citations and internal quotations omitted).  Under these circumstances, Rule 60(b) relief is not warranted.

## RECOMMENDATION

Petitioner's Rule 60(b) motion for relief from judgment [Doc. #43] should be denied.  In addition, petitioner should be barred from filing any further Rule 60(b) motions or otherwise challenging his state criminal conviction in federal court, unless he obtains permission from a three-judge panel of the court of appeals to file a successive application for habeas relief.  *See* 28 U.S.C. § 2244(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  May 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE