IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HUBERT WARREN § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | |
| § | NO. 3-04-CV-0496-D |
| NATHANIEL QUARTERMAN, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division § | |
| § | |
| Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Hubert Warren, appearing *pro se*, has filed a Rule 60(b) motion for relief from the judgment entered in this habeas case. For the reasons stated herein, the motion should be stricken from the record and petitioner should be sanctioned $100.00 for abuse of the judicial system.

I.

Petitioner was convicted of aggravated assault on a public servant and sentenced to 60 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Warren v. State*, 98 S.W.3d 739 (Tex. App.--Waco 2003, pet. ref'd); *Ex parte Warren*, No. 52,260-04 (Tex. Crim. App. Apr. 16, 2003). Petitioner also filed two applications for federal habeas relief. The first writ was denied on the merits. *Warren v. Dretke*, No. 3-04-CV-0496-D, 2004 WL 1836733 (N.D. Tex. Aug. 16, 2004), *COA denied*, No. 04-11151 (5th Cir. Apr. 19, 2005), *cert. denied*, 126 S.Ct. 743 (2005). The second writ was dismissed as successive. *Warren v. Dretke*, No. 3-06-CV-0598-D, 2006 WL 1313088 (N.D. Tex. May 12, 2006).

Dissatisfied with these results, petitioner filed eight different Rule 60(b) motions to set aside the judgment dismissing his habeas case. Four motions were denied by written order. *See* Orders, 4/26/06, 4/27/06, 5/12/06, 6/9/06. In its June 9, 2006 order, the court barred petitioner "from filing any further 60(b) motions or otherwise challenging his state criminal conviction in federal court, unless he obtains permission from a three-judge panel of the court of appeals to file a successive application for habeas relief." *See* Order, 6/9/06 at 1. After this order was entered, petitioner filed four more Rule 60(b) motions attacking his state conviction. All four motions were unfiled and stricken from the record. *See* Orders, 9/15/06, 9/25/06, 10/2/06, 10/3/06. On October 10, 2006, the court warned petitioner that:

> monetary sanctions may be imposed if he files any further Rule 60(b) motions or other pleadings challenging his state criminal conviction without first obtaining authorization from a three-judge panel of the court of appeals. In the event the court imposes monetary sanctions, petitioner will be required to pay the sanction before he files any further Rule 60(b) motions or pleadings of any kind in this case.

Order, 10/10/06 at 1. Notwithstanding this warning, petitioner filed yet another Rule 60(b) motion, his ninth overall, on October 23, 2006. Petitioner has never obtained permission from a three-judge panel of the court of appeals to file a successive application for habeas relief.[1] Accordingly, his Rule 60(b) motion for relief from judgment should be stricken from the record.

II.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant

---

[1] In fact, on August 8, 2006, the Fifth Circuit denied petitioner's motion for authorization to file a successive writ. *In re Hubert Warren, Jr.*, No. 06-10634 (5th Cir. Aug. 8, 2006).

has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Petitioner has filed nine different Rule 60(b) motions in the past six months. After the court denied four of those motions, it barred petitioner from filing any further Rule 60(b) motions or otherwise challenging his state criminal conviction in federal court without obtaining permission from a three-judge panel of the court of appeals. *See* Order, 6/9/06 at 1. Petitioner ignored that order by filing four additional Rule 60(b) motions. Just two weeks ago, the court warned petitioner that

monetary sanctions may be imposed if he persists in filing Rule 60(b) motions. *See* Order, 10/10/06. Undeterred by that warning, petitioner has filed yet another Rule 60(b) motion challenging his underlying state conviction. In order to deter such conduct in the future, petitioner should be sanctioned $100.00 and barred from filing any further Rule 60(b) motions or pleadings of any kind in this case until the sanction is paid.

### RECOMMENDATION

Petitioner's Rule 60(b) motion for relief from judgment [Doc. #60] should be unfiled and stricken from the record of this case. In addition, petitioner should be sanctioned $100.00 and barred

from filing any further Rule 60(b) motions or pleadings of any kind in this case until the sanction is paid.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 25, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE